UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOSEPH JACQUET<br>    LA. DOC #118386<br>VS. | CIVIL NO. 6:11-cv-1816<br><br>SECTION P<br><br>JUDGE DOHERTY |
| BREAUX BRIDGE POLICE DEPT., ET AL. | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Joseph Jacquet, proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on October 7, 2011. Jacquet is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Avoyelles Correctional Center where he is serving a sixty year sentence imposed by the Louisiana Sixteenth Judicial District Court for St. Martin Parish on January 20, 1994, following his September 1993 conviction for armed robbery. Jacquet claims that he was falsely charged, convicted, and imprisoned and, accordingly, seeks monetary damages for pain, suffering, negligence, and false imprisonment. He also demands his immediate release from custody.

     This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Jacquet was convicted of armed robbery on September 22, 1993, following a trial in the Sixteenth Judicial District Court for St. Martin Parish. On January 20, 1994, he was sentenced to serve sixty years imprisonment. Jacquet's conviction and sentence were affirmed on direct appeal on February 19, 1997. *State of Louisiana v. Joseph Jacquet*, 96-1183, 688 So.2d 1337 (La. App. 3 Cir. 1997). Jacquet did not seek further direct review in the Louisiana Supreme Court.

Jacquet filed a petition for writ of *habeas corpus* in this Court on December 21, 1994. The petition was dismissed without prejudice on May 2, 1995 because Jacquet failed to exhaust state court remedies. *Jacquet v. Warden, Louisiana State Penitentiary*, Civil Action No. 6:94-cv-2347.

On October 2, 1995, Jacquet filed pleadings in this court that were ultimately construed as raising both civil rights and *habeas corpus* claims. The civil rights claims were dismissed as frivolous and the *habeas* claims were again dismissed without prejudice due to Jacquet's failure to exhaust available state court remedies. *Jacquet v. Fuselier, et al.*, Civil Action No. 6:95-cv-1761.

On December 22, 2010, Jacquet submitted a series of documents and pleadings associated with his state court conviction and his efforts to obtain post-conviction relief in the form of DNA testing in the Sixteenth Judicial District Court. On March 17, 2011, the undersigned issued a Report recommending dismissal of Jacquet's *habeas* petition as

untimely filed. In that Report, the undersigned wrote as follows:

> "On February 16, 2011, petitioner submitted the appropriate form. The form petition was accompanied by a hand-written letter dated March 8, 1994 from the petitioner to United States District Court Judge Frank J. Polozola of the United States District Court for the Middle District of Louisiana. [footnote omitted] In that letter, petitioner complained that the evidence was insufficient to support his armed robbery conviction, that he did not receive a fair trial, that felons were allowed to serve as jurors at his trial, and that the district attorney acted improperly."

On April 11, 2011, Judge Melançon rejected Jacquet's objections, adopted the Report and Recommendation, and ordered dismissal of the petition with prejudice as time-barred. Jacquet did not appeal. *Jacquet v. Warden*, Civil Action No. 6:10-cv-1931.

Undaunted by this Court's dismissal, on August 25, 2011, Jacquet filed another petition for *habeas corpus* relief, in which he argued a single claim for relief, "Petitioner filed post conviction relief – DNA and was denied. He is only asking that DNA evidence be presented." [See 6:11-cv-1586 at Doc. 1, § 12]. Jacquet prayed for "[e]mergency release [and] receive payment for mental anguish and stress [and] pain and suffering." [*Id.*, p. 15]. On November 23, 2011, Magistrate Judge Hanna issued a Report recommending dismissal of the petition. [*Id.*, Doc. 5]

## LAW AND ANALYSIS

**I.** *Screening*

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983, the court is obligated to evaluate the complaint and dismiss it without service of process, if

the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Jacquet has set forth specific facts which he claims entitles him to relief and he has pleaded his best case. The facts alleged by Jacquet have been accepted as true for the purposes of this Report. Nevertheless, Jacquet's claims are subject to dismissal for the reasons that follow.

## II. *Habeas Corpus*

By this action, Jacquet argues that he is innocent of the armed robbery of which he stands convicted. Specifically, Jacquet alleges that he was falsely accused of armed robbery by Detectives Alemont, Guilgre, Comeaux and Romarro, that there was no

probable cause for District Attorney Phil Haney to prosecute him or for Judge Delahoussaye to try him, thus rendering his imprisonment is illegal. Accordingly, Jacquet seeks his immediate release from custody.

Such relief is simply not available in a civil rights action. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997). A *habeas corpus* petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir. 1989). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close,* 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Accordingly, Jacquet must pursue his challenge in federal court through application for writ of *habeas corpus* under the provisions of 28 U.S.C. § 2254, not in a § 1983 lawsuit. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons,* 821 F.2d 1112, 1117 (5th Cir. 1987); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). Therefore, Jacquet's § 1983 complaint, insofar as it seeks his immediate release from custody, must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The undersigned notes that any such filing would likely be dismissed as time-barred for those same reasons set forth by this court with respect to Jacquet's prior *habeas corpus* petition. *See Jacquet v. Warden*, Civil Action No. 6:10-cv-1931.

### III. *Heck v. Humphrey*

Jacquet seeks monetary damages from the defendants in connection with his state criminal proceeding which resulted in his conviction for armed robbery and sixty year sentence imposed by Judge Delahoussaye of the Sixteenth Judicial District Court.

It is well established that to recover damages for an allegedly "unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determinations, or called into question by a federal court's issuance of a writ of *habeas corpus* [under] 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

A claim for damages bearing a relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Heck*, 512 U.S. at 487, 114 S.Ct. at 2372. The Supreme Court imposed this requirement on § 1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486, 114 S.Ct. at 2371. Moreover, if judgment in favor of a civil rights plaintiff would "necessarily imply the invalidity of his conviction or sentence," then the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has already

been invalidated. *Id.*

Jacquet's falsity claim, illegal conviction, and false imprisonment claims would, if true, necessarily implicate the validity of his state court criminal proceeding and the conviction and sentence imposed therein. Jacquet does not contend that his armed robbery conviction or his sixty year sentence have been reversed, expunged, or declared invalid; the published jurisprudence of the State of Louisiana demonstrates the contrary. Jacquet's conviction was affirmed by the Louisiana Third Circuit Court of Appeal on February 19, 1997. *State of Louisiana v. Joseph Jacquet*, 96-1183, 688 So.2d 1337 (La. App. 3rd Cir. 1997). Furthermore, no federal court has issued a writ of *habeas corpus*. To the contrary, this court has repeatedly declined Jacquet's requests to do so.

While Jacquet argues that he is innocent of armed robbery, he stands convicted, and his conviction was, in part, the result of the complained of illegal actions of the defendants. Thus, it is clear that if this court were to grant Jacquet the damages he seeks, that ruling would necessarily implicate the validity of Jacquet's conviction and sentence. Accordingly, Jacquet's claims, all of which are directed at the validity of Jacquet's criminal proceeding and resulting conviction and sentence, are barred by *Heck*, and are not cognizable under 42 U.S.C. § 1983. These claims must be dismissed with prejudice for failure to state a claim for which relief can be granted. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* are "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

For the reasons set forth above;

**IT IS RECOMMENDED** that Jacquet's *habeas corpus* claims be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief upon which relief can be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2).

**IT IS FURTHER RECOMMENDED** that Jacquet's civil rights complaint be **DISMISSED WITH PREJUDICE** subject to reassertion if the requirements of *Heck v. Humphrey* are met.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile***

*Association*, 79 F.3d 1415 (5th Cir. 1996).

      **THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, January 31, 2012.

                                                          C. MICHAEL HILL
                                                          UNITED STATES MAGISTRATE JUDGE